# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

MARK JAMES BROWN, SR.,

                                Plaintiff,

                                                                         9:20-CV-1192

     v.                                                                     (GLS/ATB)

COUNTY OF JEFFERSON et al.,

                                Defendants.

---

MARK JAMES BROWN, SR., Plaintiff, pro se
ANDREW J. KOWALEWSKI, ESQ., Attorney for Defendant Guilfoyle Ambulance Service, Inc.

ANDREW T. BAXTER
United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

This matter has been referred to me for Report and Recommendation by the Honorable Gary L. Sharpe, United States Senior District Judge. On September 29, 2020, plaintiff commenced this civil action against, *inter alia*, Guilfoyle Ambulance Service, Inc. ("Guilfoyle"). (Complaint ("Compl.")) (Dkt. No. 1). By Decision and Order dated January 4, 2021, Judge Sharpe dismissed several defendants and causes of action pursuant to 28 U.S.C. §§ 1915, 1915A. (Dkt. No. 8).

Presently before this court is Guilfoyle's motion to dismiss plaintiff's state law medical malpractice claim against it.[1] (Dkt. No. 13). Plaintiff has not filed a response

---

[1] Counsel's motion papers seek to dismiss the complaint in its entirety as against Guilfoyle, characterizing plaintiff's state law medical malpractice claim as the sole surviving cause of action against Guilfoyle. (*See* Plaintiff's Memorandum of Law at 4-8) (Dkt. No. 13-3). However, in his order pursuant to §§ 1915, 1915A, Judge Sharpe recognized that plaintiff also

to Guilfoyle's motion, despite being afforded several extensions of time to do so. (Dkt. Nos. 15, 16, 25, 26). For the reasons set forth below, I recommend that the district court grant Guilfoyle's motion to dismiss plaintiff's state law medical malpractice claim. I further recommend that the district court dismiss, sua sponte, plaintiff's Fourteenth Amendment deliberate medical indifference claim against Guilfoyle for lack of subject matter jurisdiction, and effectively order that the complaint be dismissed in its entirety as against Guilfoyle.

## I.   Facts

In his prior order, Judge Sharpe summarized the facts as stated in plaintiff's complaint. (Dkt. No. 8 at 3-5). The court will briefly review the facts as necessary to discuss the causes of actions asserted against Guilfoyle.

On July 5, 2019, plaintiff ran a red light and immediately noticed that a police vehicle had turned on its lights behind him, signaling for plaintiff to stop his vehicle. (Compl. at 9). Plaintiff stopped his vehicle and began to flee on foot. (*Id.*). He was eventually apprehended by non-moving defendant Jefferson County Sheriff Deputy Keefer, at which time plaintiff alleges that, among other things, Deputy Keefer "twisted [plaintiff's] arm while face down and both hands behind [his] back." (*Id.*). Plaintiff heard three cracks in his arm "as [his] arm went limp." (*Id.*).

Plaintiff was transported to Jefferson County Jail. (*Id.* at 10). Within one hour of arriving, defendant Guilfoyle Ambulance Service, Inc."arrived and examined

---

asserted a Fourteenth Amendment deliberate medical indifference claim against Guilfoyle. (Dkt. No. 8 at 10). In doing so, Judge Sharpe did not opine as to whether either claim against Guilfoyle could withstand a properly filed dispositive motion. (*Id.*).

[plaintiff's] arm and determined there were no abnormalities." (*Id.*). Plaintiff has attached to his complaint a patient care report describing the extent of treatment provided by the Guilfoyle paramedics. (Dkt. No. 1-1 at 4-6). The report states, in part, that "after an assessment, [plaintiff] did not have any life threatening injuries. [Plaintiff] stated that he did not wish to be taken to the hospital." (*Id.* at 6). In a sworn deposition attached to the complaint, and in a handwritten note on the records of the ambulance company, plaintiff denied that he ever refused medical treatment. (*Id.* at 1, 6).

## III.  § 1983 Claim

### A.  Legal Standard

Federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking. *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). Lack of subject matter cannot be waived and may be raised at any time or by the court sua sponte. *Id.*; *see also* Fed. R. Civ. P. 12(h)(3). "If subject matter jurisdiction is lacking, the action must be dismissed." *Lussier*, 211 F.3d at 700-01; *see also Lance v. Coffman*, 549 U.S. 437, 439 (2007) ("Federal courts must determine that they have jurisdiction before proceeding to the merits.").

In the context of federal civil rights claims, § 1983 "is apposite only when the person against whom the provision is invoked has acted 'under color of' law. It is well-established that this jurisdictional prerequisite is congruent to the 'state action' concept." *Perez v. Sugarman*, 499 F.2d 761, 764 (2d Cir. 1974). Private parties are generally not state actors, and are therefore not usually liable under § 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn.*

3

*Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); see also *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties . . . .") (internal quotation marks and citation omitted). The absence of state action in a § 1983 case is a jurisdictional defect. *Id.*; *Robinson v. Bergstrom*, 579 F.2d 401, 404 (7th Cir. 1978) ("[W]here state action is found lacking, the section 1983 complaint is properly dismissed for lack of subject matter jurisdiction."), *overruled on other grounds, Polk County v. Dodson*, 454 U.S. 312 (1981); *see also Schlein v. Milford Hosp., Inc.*, 561 F.2d 427, 427 (2d Cir. 1977) (affirming subject matter jurisdiction dismissal based in part on lack of " 'state action' within the meaning of 42 U.S.C. § 1983); *Joseph v. Ulster Cty. Cmty. Action Comm. Inc.*, 475 F. Supp. 944, 948 (S.D.N.Y. 1979) ("Because we find that there was no state action, we conclude that this Court lacks jurisdiction over plaintiff's claim under § 1983.").

Notwithstanding the general rule as cited above, the actions of a nominally private entity may be attributable to the state for purposes of a § 1983 action when: "(1) the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state ('the compulsion test'); (2) when the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the [s]tate,' or the entity's functions are 'entwined' with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity 'has been delegated a public function by the [s]tate,' ('the public function test')." *Caballero v. Shayna*, No. 18-CV-1627, 2019 WL 2491717, at *3 (E.D.N.Y. June 14, 2019) (citing *Sybalski v. Indep. Grp. Home Living Program, Inc.*,

4

546 F.3d 255, 257 (2d Cir. 2008)). "The fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state." *Id.* (quoting *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012)).

### B. Application

Plaintiff is suing Guilfoyle Ambulance Service, Inc., a corporation operating out of Watertown, New York which holds itself out to be the "oldest continually run commercial ambulance service" in the country.[2] Plaintiff does not allege any facts suggesting that Guilfoyle is a publicly operated entity. Nor has plaintiff alleged facts suggesting that Guilfoyle may be considered a state actor under any of the aforementioned exceptions, or describing how Guilfoyle's actions are otherwise "fairly attributable to the state." Because plaintiff has failed to plausibly allege that Guilfoyle acted under color of state law, the complaint fails to state a claim for relief against the ambulance company under § 1983. *See, e.g., Grogan v. Blooming Grove Volunteer Ambulance Corps,* 768 F.3d 259 (2d Cir. 2014) (private volunteer ambulance organization that contracted with a municipality to provide emergency medical services was not a state actor subject to § 1983 liability under any of the relevant exceptions). Considering the absence of any alleged state action, the district court should dismiss, sua sponte, plaintiff's § 1983 deliberate medical indifference claim against Guilfoyle.

---

[2] *See* https://www.facebook.com/pages/category/Emergency-Rescue-Service/Guilfoyle-Ambulance-Service-151689674872541/

**II.     State Law Medical Malpractice Claim**

    A.     **Legal Standards**

        1. **Motion to Dismiss**

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted).

When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 71 (2d Cir. 1995). The court must heed its particular obligation to treat pro se pleadings with liberality. *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005); *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (*per curiam*).

In deciding a motion to dismiss, the court may review documents integral to the complaint upon which the plaintiff relied in drafting his pleadings, as well as any documents attached to the complaint as exhibits and any statements or documents incorporated into the complaint by reference. *Rothman v. Gregor*, 220 F.3d 81, 88 (2d

Cir. 2000); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d at 72 (the court may take into consideration documents referenced in or attached to the complaint in deciding a motion to dismiss, without converting the proceeding to one for summary judgment). Finally, the court may consider matters of which judicial notice may be taken, such as public filings and administrative decisions. *See Kavowras v. New York Times, Co.*, 328 F.3d 50, 57 (2d Cir. 2003) (citing *inter alia County Vanlines, Inc. v. Experian Info. Solutions, Inc.*, 205 F.R.D. 148, 154 (S.D.N.Y. 2002) (taking judicial notice of NLRB decisions)). *See also Combier-Kapel v. Biegelson*, 242 F. App'x 714, 715 (2d Cir. 2007) (taking judicial notice of the Impartial Hearing Officer's decision as well as certain other documents in the administrative record of an IDEA case); *In re Howard's Exp., Inc.*, 151 F. App'x 46, 48 (2d Cir. 2005) (taking judicial notice of Bankruptcy Court docket); *Caro v. Fidelity Brokerage Services, LLC*, No. 3:12-CV-1066, 2013 WL 3299708, at *6 (D. Conn. July 26, 2013) (taking judicial notice of record in prior litigation between the same parties).

### 2. New York Medical Malpractice

"Under New York law, the requisite elements of proof in a medical malpractice action are (1) a deviation or departure from accepted practice, and (2) evidence that such departure was a proximate cause of injury or damage." *Melvin v. Cty. of Westchester*, No. 14 Civ. 2995, 2016 WL 1254394, at *19 (S.D.N.Y. Mar. 29, 2016) (citing *Torres v. City of New York*, 154 F. Supp. 2d 814, 819 (S.D.N.Y. 2001)); *see also Banks v. United States*, No. 10 Civ. 6613, 2011 WL 4100454, at *16 (S.D.N.Y. Sept. 15, 2011), *report and recommendation adopted*, 2011 WL 5454550 (S.D.N.Y. Nov. 9,

7

2011) ("In order to make out a prima facie case for medical malpractice, plaintiff must allege that (1) the physician owed a duty of care to the plaintiff; (2) the physician breached that duty by deviating from accepted medical practice; and (3) the alleged deviation proximately caused plaintiff's injuries.") (citations omitted). "Accordingly, in order to state a claim for medical malpractice, a plaintiff must specify the injuries he suffered and allege sufficient facts to demonstrate how his injuries were caused by a deviation from the standard of care." *Isaac v. City of New York*, No. 17 Civ. 1021, 2018 WL 1322196, at *7 (S.D.N.Y. Mar. 13, 2018) (citing *inter alia Radin v. Tun*, No. 12 Civ. 1393, 2015 WL 4645255, at *18 (E.D.N.Y. Aug. 4, 2015) ("As with Plaintiff's § 1983 claim, Plaintiff's factually unsupported allegations that the [defendant] attempted to provide her with unwanted psychiatric care is insufficient to state a claim. Plaintiff concludes that the [defendant] breached the standard of care without providing any specific factual allegations from which such a conclusion might be drawn . . . .")); *Koulkina v. City of New York*, 559 F. Supp. 2d 300, 329-30 (S.D.N.Y. 2008) (dismissing medical malpractice claim because "plaintiffs do not allege how [defendant's] alleged conduct deviated from accepted medical practice and caused them any harm").

### B. Application

Guilfoyle argues that dismissal is warranted because plaintiff has not alleged that the defendant deviated from accepted medical practice, or that any such alleged deviation caused plaintiff's injuries. Even assuming that the district court would

8

exercise supplemental jurisdiction over plaintiff's state law medical malpractice claim,[3] the court agrees that plaintiff has failed to allege sufficient facts to state a claim for medical malpractice.

In the complaint, plaintiff makes a handful of conclusory statements relative to Guilfoyle's alleged malpractice – including that the ambulance company "failed in providing adequate services which amounted to negligence," and that Guilfoyle "arrived and examined [plaintiff's] arm and determined there were no abnormalities; (negligence)." Without more, however, these statements do not plausibly allege that the paramedics employed by Guilfoyle[4] deviated from an accepted standard of care, a necessary element of his medical malpractice claim. It appears undisputed that the paramedics performed a physical examination, to some extent, on plaintiff at the Jefferson County Jail. According to plaintiff's allegations, this examination was deficient. However, and notwithstanding plaintiff's exception to the quality of the

---

[3] "[T]he Second Circuit has made clear that a district court may not decline to exercise jurisdiction over state law claims where federal claims remain against other defendants and the state law claims 'form part of the same case or controversy.'" *Bryant v. Steele,* 93 F. Supp. 3d 80, 94 (E.D.N.Y. 2015) (quoting *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 325 (2d Cir.2002)). Accordingly, in this case the district court would be compelled to exercise supplemental jurisdiction over any surviving state law claim against Guilfoyle, to the extent the court found that they form "part of the same case or controversy" as the federal claims asserted against the non-moving defendants. At this juncture, the court finds that plaintiff's state claim against Guilfoyle is sufficiently related to his deliberate medical indifference claim against non-moving defendant Deputy Keefer (*See* Dkt. No. 8 at 12-14), and proceeds to analyze the sufficiently of plaintiff's allegations under New York law.

[4] Presumably, plaintiff is attempting to attach liability to Guilfoyle for the alleged malpractice of its employee paramedics under the theory of *respondeat superior*, which is, generally, applicable in New York state medical malpractice claims. *See Hill v. St. Clare's Hosp.*, 67 N.Y.2d 72, 79 (1986) (recognizing the general rule that "a hospital or other medical facility is liable for the negligence or malpractice of its employees[.]") (citation omitted).

9

examination and care provided, he has failed to articulate how the paramedics' failure to diagnose a "nondisplaced" (Dkt. No. 1-1 at 7, 11) "subtle coronoid process fracture" and ligament tear (*id*. at 12-13)[5] at that time deviated from the standard of care applicable to paramedics. In the absence of any statements demonstrating that the paramedic's conduct deviated from accepted medical practice, plaintiff has failed to state a claim for relief. *See Fleming v. Laakso*, No. 18-CV-1527, 2019 WL 959521, at *12 (S.D.N.Y. Feb. 5, 2019), *report and recommendation adopted*, 2019 WL 952349 (S.D.N.Y. Feb. 26, 2019) ("Plaintiff must specify the injuries he suffered and allege sufficient facts to demonstrate how his injuries were caused by a deviation from the standard of care.") (internal quotations and citations omitted); *Isaac v. City of New York*, 2018 WL 1322196, at *8 (granting motion to dismiss medical malpractice claim where pro se plaintiff's complaint did not allege sufficient facts explaining how defendant's conduct deviated from accepted medical practice); *Flemming v. Velardi,* No. 02 Civ. 4113, 2003 WL 21756108, at *3 (S.D.N.Y. July 30, 2003) ("Even construing plaintiff's claims broadly, he does not state a medical malpractice claim, as plaintiff has not alleged [the doctor's actions] deviated from accepted medical practice . . . ); *Koulkina v. City of New York*, 559 F. Supp. 2d 300, 327-28 (S.D.N.Y. 2008) ("Even construing the Amended Complaint liberally, plaintiffs fail to allege how Dr. Gaudio's alleged failure to . . . 'evaluate plaintiff[s'] entire bodies" deviated from accepted medical practice.") Accordingly, the district court should grant Guilfoyle's

---

[5]The medical records attached to plaintiff's complaint describe his later diagnoses, which were made subsequent to the review of various MRI and x-ray results. (Dkt. No. 1-1 at 7, 11, 14, 19).

10

motion to dismiss plaintiff's medical malpractice claim against it.

## III. Opportunity to Amend

### A. Legal Standard

Generally, when the court dismisses a pro se complaint for failure to state a claim, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *See Ellis v. Wilkinson*, 81 F. Supp. 3d 229, 238-39 (E.D.N.Y. Jan. 28, 2015) (considering whether to grant plaintiff leave to amend after finding that plaintiff failed to state a plausible claim under section 1983) (citing *Cuoco v. Moritsugo*, 222 F.3d 99, 112 (2d Cir. 2000)). In *Cuoco*, the Second Circuit held that leave to amend should be denied where "better pleading will not cure" the defects in a plaintiff's complaint. *Id.*

### B. Application

Plaintiff's § 1983 claim against Guilfoyle is subject to dismissal for lack of subject matter jurisdiction. Thus, any dismissal must be without prejudice. *Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018) ("[D]ismissal for subject matter jurisdiction must be without prejudice."). Although this court finds it unlikely, it is conceivable that, with the opportunity to amend his complaint, plaintiff may reveal circumstances under which Guilfoyle's conduct is actionable under § 1983. *See, e.g., Palmer v. Garuti,* No. 3:06-CV-795, 2009 WL 413129, *3 (D. Conn. Feb. 17, 2009) (finding that an ambulance company acted under color of state law for purposes of § 1983 where it had entered into a written contract with the town that required it to provide service at the discretion of the municipality's police force). It is also conceivable that better pleading

may cure the defects in plaintiff's complaint relative to his medical malpractice claim against Guilfoyle under New York state law.  Therefore, if the District Court adopts my recommendation to dismiss the complaint as against Guilfoyle, then I further recommend that dismissal of both the deliberate medical indifference claim and the state medical malpractice claim be without prejudice to plaintiff amending his complaint solely to address the defects identified herein, within thirty (30) days of Judge Sharpe's order approving this Report-Recommendation.

**WHEREFORE**, based on the above, it is

**RECOMMENDED**, that plaintiff's Fourteenth Amendment deliberate medical indifference claim against defendant Guilfoyle be sua sponte **DISMISSED WITHOUT PREJUDICE**, and it is further

**RECOMMENDED** that defendant Guilfoyle's motion to dismiss based upon Fed. R. Civ. P. 12(b)(6) (Dkt. No. 13) be **GRANTED;** and plaintiff's medical malpractice claim be **DISMISSED WITHOUT PREJUDICE,** and it is further

**RECOMMENDED** that plaintiff be granted leave to submit a proposed amended complaint within thirty (30) days of the District Court's order approving this Report-Recommendation.  Plaintiff may amend or supplement **only the specific claims identified herein.**  Any proposed amended complaint must completely supercede the original and **should include only the claims that remain in this action after the District Court's order regarding this report-recommendation.**  Plaintiff should not repeat any of the other dismissed claims in the amended complaint, and it is further

**ORDERED** that copies of this Report-Recommendation and Order be served on

the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

Dated:  June 11, 2021

_____
Andrew T. Baxter
U.S. Magistrate Judge